UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LYXON CHERY,

                        Petitioner,                    17 cv 157 (PKC) (DF)

    -against-

                                                    OPINION AND
                                          ORDER ADOPTING REPORT
                                          AND RECOMMENDATION

ROBERT F. CUNNINGHAM,

                        Respondent.
-----------------------------------------------------------------x
CASTEL, District Judge:

           In 2013, petitioner Lyxon Chery was tried and convicted before a jury in New York Supreme Court, New York County, of the crimes of robbery in the first degree and two counts of robbery in the second degree. The Appellate Division, First Department, affirmed the convictions. People v. Chery, 127 A.D.3d 533 (1st Dep't 2015). Chery sought leave to appeal to the New York Court of Appeals, and the Court granted leave but thereafter affirmed the Appellate Division's decision. People v. Chery, 28 N.Y.3d 139 (2016).

           Chery, proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions. (Doc 2). Chery was incarcerated at Fishkill Correctional Facility when he filed his habeas petition. On August 28, 2018, Chery received a final order of removal from the United States to Haiti, but his removal has been stayed pending his appeal of the removal order to the Second Circuit. (Docs 19 & 21); (Second Circuit Docket No. 19-297). Chery is currently in the custody of the U.S. Immigration and Customs Enforcement at the Buffalo Federal Detention Facility in Batavia, New York.[1]

---

[1] https://locator.ice.gov/odls/#/index (last visited Dec. 18, 2020). Because Chery has not been deported, the Court declines to reach the R&R's conclusion on mootness. (Doc 22 at 2 n.1).

Chery's petition was referred to Magistrate Judge Debra Freeman, who issued a Report and Recommendation (the "R&R") recommending that the Court dismiss the petition in its entirety. (Docs 5, 22). Chery filed objections to the R&R that repeated points made in his state court filings, discussed parts of his and other witnesses' trial court testimony, and claimed his rights were violated under the Fifth and Fourteenth Amendments. (Doc 26).

Chery's habeas petition appends his briefs submitted on direct appeal in New York State court. (See Doc 2 ¶ 13). The R&R construed the petition to raise the same grounds for habeas relief that Chery had asserted in these briefs. Accordingly, Chery's petition makes three claims: (1) the prosecution's impeachment of him with omissions made during the course of a spontaneous, pre-Miranda statement, (2) the state court's failure to give a missing-witness instruction, and (3) the legal sufficiency of the evidence to prove that the victim of the robbery suffered physical injury as required for a conviction of robbery in the second degree. Chery's first claim asserts a violation of the Fifth Amendment, which is incorporated by reason of the Fourteenth Amendment, and his remaining two claims assert due process violations under the Fourteenth Amendment.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In view of the nature of Chery's objections, the Court has conducted a de novo review of the petition and its legal and factual claims. Id.

Magistrate Judge Freeman first summarized the case's procedural history, relevant factual background, and reviewed the applicable law. The R&R concluded that the petition was timely filed and that Chery exhausted his state remedies by pursuing claims through

appeal to the New York Court of Appeals.[2]  The R&R concluded that Chery's claim arising from the prosecution's impeachment of him was procedurally defaulted in part, but nevertheless denied it on the merits as well.  The R&R further considered and denied Chery's remaining claims on the merits. The Court agrees with and adopts these conclusions.

<u>The Prosecution's Impeachment of Chery Based Upon a Failure to Include Certain Information in His Statement to a Police Officer</u>.  During trial, one of the responding officers testified that Chery told him that Alhanah, the victim of the robbery, kicked his bike and also asked the officer why Alhanah was not going to jail too.  (Trial Tr. at 51).  Chery made the statement while in custody but before he received <u>Miranda</u> warnings and, on a motion to suppress, the trial court found it to have been made spontaneously, i.e. not the product of custodial interrogation.  (Supp. Hearing Tr. at 65).  On direct testimony, Cherry testified that Alhanah started an altercation with him by hitting him with a wooden board and that, prior to the altercation, he saw Alhanah throw two teenagers out of the store in which Alhanah was a clerk.  On cross-examination, the prosecution was permitted to impeach Chery by raising his purported failure to mention to the responding officer having been hit with the wooden board and seeing the two teenagers being chased from the store.  (Trial Tr. 248–50).  The New York Court of Appeals agreed with the implicit conclusions of the trial court and the Appellate Division that it was proper to cross-examine Chery on his failure to include important information in his statement to the police officer, which the Court described as "selective silence" and "unnatural omissions,"  28 N.Y. 3d  at  142, 44.  Because the statement was spontaneous, the Court reasoned that it did not implicate Chery's rights to due process or to remain silent.  <u>Id.</u>

---

[2] Chery argued that the verdict was not based on legally sufficient evidence in his appeal to the First Department but did not advance this argument in the Court of Appeals.  The R&R does not specifically address this claim, but the Court concludes that in any case Chery failed to exhaust his state remedies.

First, the R&R concluded that to the extent Chery challenged the scope of the prosecution's questioning on matters preceding the altercation, this claim was procedurally defaulted as the New York Court of Appeals decision rejecting it rested on independent and adequate state-law grounds. But, regardless of the correctness of the determination of procedural default, the R&R properly concluded that there was no constitutional error resulting from cross-examining Chery about omissions from a voluntary, spontaneous statement that he chose to make to the responding officer. See Jenkins v Anderson, 447 U.S. 231, 238–40 (1980); Doyle v Ohio, 426 U.S. 610, 617–19 (1976).

Missing-Witness Instruction. At trial, the Court denied Chery's request for a missing-witness instruction as to Officer Tunis, the second responding officer, who did not testify. Assessing the relevant standards under both New York law and the Fourteenth Amendment, the R&R properly concluded that the refusal to give a missing-witness instruction did not present a viable constitutional claim because the trial court acted within its discretion to deny the instruction, and therefore Chery was not denied a fair trial. The Court adopts the R&R as to this claim.

Sufficiency of the Evidence. In his petition, Chery argues that the jury's verdict convicting him of robbery in the second degree, N.Y. Penal Law § 160.10(2)(a), was legally insufficient because the prosecution failed to prove Alhanah suffered "physical injury." The R&R concluded that Chery failed to state a claim for habeas relief on these grounds. It properly identified testimony given at trial that could support a jury finding that the victim sustained the required level of injury and, viewing the evidence in the light most favorable to the prosecution, concluded that Alhanah suffered physical injury under the statute. The Court adopts the R&R as to this claim.

CONCLUSION

The ultimate conclusion of the R&R is adopted, and the petition pursuant to 28 U.S.C. § 2254, is DENIED.  The Clerk is directed to close the case and enter judgment for the respondent.

The Clerk of Court is directed to mail a copy of this Order, the Clerk's Judgment and the Notice of Right to Appeal to Petitioner, at the address provided below.

Chery has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  28 U.S.C. § 2253; see Blackman v. Ercole, 661 F.3d 161, 163-64 (2d Cir. 2011).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:   New York, New York
           December 21, 2020

Copies to:

Mr. Lyxon Chery
ID No. A 200 474 160
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020